Spencer, Ch. J.,
delivered the opinion of the court. The material points in the cause are, whether the note in question was fraudently put into circulation? whether the plaintiffs are bona fide holders of it ? and whether the confession of one of the plaintiffs, that the note was usuriously discounted, was admissible evidence ? There is no force in the objections, that the indulgence granted by the plaintiffs to Wood, discharged the defendant, or as to the overruling the proof, of what a witness had sworn on a former trial, as to usury in the transaction. It is decisive, as to these points, that mere delay to sue does not affect the rights of the creditor even against a surety ; and that to entitle a party to give in evidence the testimony of a witness on a former trial, it must be shown, that the witness is dead; and this was not shown or pretended, (a)
The note in question was a renewal of one which had been drawn by Wood, and endorsed by the defendant. The first note was intended to be discounted at the Newburgh, bank, but was discounted by the plaintiffs; and it appeared, by the testimony of Smith, an endorser of the note, subsequent to the defendant’s endorsement, that the present note was delivered to him by Wood, endorsed by the defendant, without any directions or instructions from either, in what manner he was to negotiate it, though it was well understood by Wood and the defendant, that with the avails he was to take up the original note. Independently of the question of usury, there is nothing in the objection; the #first note was made and endorsed to raise money on, and it was entirely immaterial whether it was discounted at the Bank of Newburgh, or elsewhere. It did not alter or increase the responsibility of the endorser; the money to be raised was intended to be for the benefit of Wood, and he did receive the money for which the first note was discounted. If the plaintiffs knew, when they received the note, that it was intended to be discounted at the Bank of Newburgh, and had been refused, it would not affect them, or establish any fraud.
*151 Smith, the' second endorser of the note, and the person who had procured the plaintiffs to discount the first note, and had negotiated the note in question to them, to take up the first note, was asked, whether Jacob Powell, one of the plaintiffs, had not, since the note was discounted, admitted to him, that it was usurious!? discounted. This question was objected to by the plaintiff’s counsel, and overruled.
The situation in which Smith stood did not incapacitate him from testifying to that fact. He was not asked any question involving his own turpitude, as whether the note which he passed as a good and available note, was void within his knowledge, when he offered it to the plaintiffs, and that I consider to be the precise point on which a majority of this court, in Winton v. Saidler, (3 Johns. Cas. 185.) (a) rejected the testimony of an endorsor. The reasoning of Mr. Justice Thompson, who delivered an opinion on that side of the question, proceeds on the maxim, that nemo allegans suam turpitudinem est audi-endus; he considered it as contrary to sound policy and morality, that a party to a negotiable note should be admitted as a witness to invalidate it; meaning, undoubtedly, to be understood, that a person whose name was on a negotiable paper, and who had thereby contributed to its circulation, should not be heard to say, that the paper, thus sanctioned by his name, was tainted when it passed from his hands. But if it receives its taint when it is negotiated to the party plaintiff, by the facts then happening, it is not contrary to public policy or morality, nor would it come within the principle of the decision of Win-ton and Saidler, to hear the witness as to such facts, if there were no other objections to his testifying. *If the plaintiffs discounted the first note upon a usurious consideration, and the note in question was a mere substitute for that note, they are not entitled to object to the evidence, that they themselves were guilty of usury, because Smith, whose name was on the note, was the agent of Wood, in making the usurious bargain. The principle in Winton and Saidler was intended as a protection for the fair and bona fide holders of a negotiable note or bill against any prior transaction, which had already invalidated the paper, so far as regarded any person who had, by endorsing the paper, or putting his name to it, as a party, from being a witness to impeach it. The case of Skelding v. Haight (15 Johns. Rep. 275.) is in point to show that a party, whose name is on a negotiable paper, may be permitted to testify as to any facts which arise subsequent to the signature of the witness. Upon authority, then, Smith was a good witness to prove the usury by the plaintiffs, in their acquisition of the note, (b)
*152 It may, however, be urged, that the purchase of the note by the plaintiffs, at such a discount as would amount to usury, ⅛ case the note was originally intended to be sold to them, is no*'' unc^er circumstances, usurious, and in fact that it was the mere purchase of the note at a less sum than its face. The case of Munn v. The Commission Company (15 Johns. Rep. 55.) settles this point. It is there said, that if a bill or note be made for the purpose of raising money, and it is discounted at a higher premium than the legal rate of interest, and none of the parties whose names are on it can, as between themselves, maintain a suit on the bill when it becomes mature, provided it had not been discounted, that then such discounting the bill would be usurious, and the bill would be void. In the present case, the note was endorsed for the accommodation of Wood., and it was not an available paper in the hands of either the payee or endorser, until it had been negotiated to the plaintiffs, and the transaction, therefore, would be usurious, if the plaintiffs purchased the note at a less sum than its nominal amount, deducting the interest for the time the note had to run.
It certainly was an extraordinary question which was put *to the witness, whether one of the plaintiffs had not admitted to him, since the note was discounted, that it was usuriously discounted; for Smith, being the person who transacted the business, would himself know the fact. Still, however, I perceive nothing improper in the question ; his answer may have shown the relevancy and propriety of the inquiry; and it is not to be supposed that the question would have been entirely overruled, but under the idea that Smith, being an endorser, would not be permitted to testify at all to the usury. Had not that idea prevailed, the question would have been so shaped by the judge, as to elicit all that the witness knew on the subject. We, therefore, grant the motion for a new trial, with costs to abide the event of the suit.
New trial granted.

 What one swore on a former trial, cannot be given in evidence unless he be dead. That he is beyond the reach of process of subpeena, and cannot be found on diligent inquiry, will not render such proof admissible. Wilbur v. Selden, 6 Cowen, 162.

 Vide Stafford v. Rice, 5 Cowen, 24.

 Vide M’Fadden v. Maxwell, post. 188. Myers v. Palmer, 18 Johns. Rep. 167. Tuthill v. Davis, 20 Johns. Rep. 285. Stafford v. Rice, 5 Cowen, 22. Utica Bank v. Hillard, Ibid, 153. Baskins v. Wilson, 6 Cowen, 471.