OPINION OF THE COURT — by the
Hon. J. R. NICHOLSON
This is an action of Assumpsit by the third endorsee vs. the first endorser; plea, non-assumpsit. There is but one point raised by the bill of exceptions for the consideration of the court. The defendant offered Robert Miller, the first endorsee, and second endorser, to prove a conversation which took place between the parties plaintiff and defendant, to show that the defendant had not had due notice of the non-payment of the note by the maker, and that he, defendant, was not apprised of his rights and liabilities, nor the extent to which his signature subjected him. To the competency of this witness the plaintiff objected, which objection was sustained by the court, and .the evidence ruled out as incompetent.
The general doctrine that a party to a negotiable instrument is not a competent witness, does not apply in this case: the extent to which this general rule has gone, is, that a party to negotiable paper shall not be competent to prove that the instrument was tainted with illegality or fraud, when it passed from his hands: not so when the object of the testimony is to prove some fact, which has transpired after the paper had passed into other hands. In this case, Miller, the witness, was offered to prove a conversation which took place between the parties, plaintiff and defendant, after the transfer of the note, and which went to show that the defendant had not had notice of the non-payment of the note by the payee, but that he did not consider himself liable &c. This, according to numerous authorities, was admissible, 17 John., 176,188; 15 sohn., 270; 11 John.. 128; 10 John.,231; 14Mass., 303.
The court below therefore erred in ruling out the testimony of Miller# *542 and for this cause, the judgment below must be reversed, cause remanded and venire de novo awarded.
Judge Smith concurs.