THEODORE. H. SWEETSER *vs.* JOTHAM S. FRENCH & others.

A note not negotiable, signed by M. & P., and payable to F., T. & company, who were partners, was indorsed in the name of the firm by T., and disposed of by him to A. & company, for its full value : In an action on the note by A. & company against F., T. & company as guarantors, it was held, that if the plaintiffs, when they received the note, knew that it was obtained of the defendants by false representations made by M., or that T. signed the name of the firm, without the consent of his partners, merely for the accommodation of M. and P., the plaintiffs could not recover, unless, in the latter case, the act of T. had been afterwards ratified by his partners.

The maker or indorser of a note for a particular purpose takes the risk of its being used in a different manner, and is liable to pay it to any *bona fide* holder into whose hands it may come.

The holder of a note not negotiable, which is indorsed by the payee, may sue the latter as an original promisor, or as a guarantor.

One partner cannot, by his individual act, bind the firm as the guarantor of the debt of another, or as a party to a note or bill made for the accommodation, or as the surety, of another, without authority specially given him for the purpose, or implied from the common course of business of the firm, or from the previous course of dealing between the parties; unless the act of such partner be afterwards ratified by the others.

In an action against a firm, as the guarantor of the debt of another, or as a party to a bill or note made or indorsed for the accommodation or as the surety of another, where the contract is the act of an individual partner, the burden of proof is on the plaintiff to show, that such partner was authorized so to bind the firm by the others, or that they subsequently ratified his act. A precedent authority, for such purpose, may be implied from the common course of business of the firm, or the previous course of dealing between the parties. A subsequent ratification may be inferred from the acts or omissions of the other partners, after they know, or have the means of knowing, of the act of such individual partner.

THIS was an action of assumpsit, against the defendants, as guarantors of a note, commenced by Theodore Ames & company, and prosecuted by their assignee in insolvency. At the trial, before *Metcalf*, J., the plaintiff gave in evidence a note of the following tenor : —

" $300 Value received we promise to pay French, Tapley & Co. three hundred payable in fifteen days from date, with grace. Rufus McLellan, J. De Puy. Lowell, May 9th, 1845."

On the back of the note were written the names, " French, Tapley & Co." At a former trial of this case, the plaintiff's counsel wrote over the names of " French, Tapley & Co." the following words : " For value received we promise to pay the money mentioned in the within note to T. Ames & Co. according to the tenor thereof." See 13 Met. 262. At the present trial, there was evidence tending to prove, that the indorsement of the names of French, Tapley & Co. was in the handwriting of David Tapley, a member of the firm, which, at the date of the note, consisted of David Tapley, Jotham S. French, and Charles L. Bailey, the defendants in this action.

There was also evidence tending to prove, that, at the date

of the note, the business of the firm was that of selling dry goods at retail in Lowell, and that Ames & company knew the nature of the defendants' business, and that Ames & company, on or about the day of the date of the note, advanced to McLellan, one of the makers thereof, three hundred dollars or the same.

The defendants introduced evidence tending to prove, that the note was indorsed by Tapley, not in the presence of the other defendants, for the accommodation of the makers; that neither of the defendants received any value therefor; and that the signing of the name of the firm by Tapley was without any authority or assent of his partners.

The defendants also introduced evidence tending to prove that Tapley signed the name of the firm on the back of the note, in consequence of the representation of McLellan, that he wished the names to be put on the note, for the purpose of enabling him to have it discounted at one of the banks in Lowell, within a few minutes.

Upon this evidence, the jury were instructed thus: " If Ames & company, when they received the note, knew that it was obtained of the defendants by false representations made by McLellan, or knew, when they received the note, that Tapley signed the name of the firm, without the consent of his partners, merely for the accommodation of McLellan and De Puy, then the plaintiff is not entitled to recover, unless the other partners have since ratified the act of Tapley ; otherwise, the plaintiff is entitled to recover, if the evidence introduced by him is believed."

The defendants' counsel requested the court to instruct the jury, that if they were satisfied that Ames & company knew, when they received the note, that it was indorsed by one partner, in the name of the firm, solely for the accommoda tion of the makers, then the burden of proof was upon the plaintiff to show, that such indorsement was authorized by all the members of the firm, or was assented to by them, before or after the indorsement. The court declined so to instruct the jury. The defendants also requested the court to rule,

that if the jury were satisfied, that the name of the defend-
ants' firm was indorsed on the note for the sole purpose of
having it discounted at one of the banks in Lowell, and that
the defendants never assented to its negotiation to Ames &
company, then the plaintiff could not recover.  But the court
declined so to rule, and a verdict was returned for the plaintiff.

If the instructions given to the jury were wrong, or if the
instruction and ruling which were requested ought to have
been given, a new trial is to be granted ; otherwise, judgment
is to be rendered on the verdict.

*J. G. Abbott*, for the defendants.

1. Where one partner undertakes to bind his copartners as
sureties for a third person, by signing the partnership name,
it is for the party claiming under such contract to show that
the partner had authority to make it, and not for the partner-
ship to prove that he had no such authority.    *Green* v. *Dea-
kin*, 2 Stark. R. 347 ; *Shirreff* v. *Wilks*, 1 East, 48 ; *Duncan*
v. *Lowndes*, 3 Camp. 478 ; Bayley on Bills, (2d Am. ed.) 57,
58 ; Story on Part. § 127 ; Burge on Suretyship, 33, 34 ; 3
Kent, (5th ed.) 46, 47 ; Gow on Part. 58, 59 ; Collyer on Part.
§ 421.   The American cases, which are throughout to the
same effect, are referred to by Story, as above cited, and there
are also others : *Laverty* v. *Burr*, 1 Wend. 529, which is
much in point ; *Bank of Rochester* v. *Bowen*, 7 Wend. 158 ;
*Wilson* v. *Williams*, 14 Wend. 146 ; *Catskill Bank* v. *State*,
15 Wend. 364 ; *New York Ins. Co.* v. *Bennett*, 5 Conn. 574 ,
*Andrews* v. *Planters Bank*, 7 Sm. & Marsh. 192 ; *Rolston* v.
*Click*, 1 Stew. 526 ; *Bank of Kentucky* v. *Brooking*, 2 Lit-
tell, 41 ; *Bank of Tennessee* v. *Saffarrans*, 3 Humph. 597 ;
*Darling* v. *March*, 9 Shep. 184 ; *Cooper* v. *Eastman*, 15
Pick. 276.

2. The note, being made payable to the defendants, but
not to their order, is not negotiable.   *Josselyn* v. *Ames*, 3
Mass. 274.   No case goes the length of deciding, that a note
like this can be sued by any body but the party to whom it
is first delivered, or with whom he made the contract.

*T. Wentworth*, for the plaintiff

1. The question, arising upon the instructions, is, upon whom was it incumbent to prove the authority of Tapley to sign the partnership name. In Chitty on Bills, (10th Am. ed.) 39, the general rule is laid down, and supported by a variety of cases, that the act or agreement of one partner, seemingly as to the business of the partnership, is binding on the firm, although in contravention of the agreement of the partners among themselves. See also *Manufacturers, &c. Bank* v. *Winship*, 5 Pick. 11; *Munroe* v. *Cooper*, 5 Pick. 412; *Chazournes* v. *Edwards*, 3 Pick. 5; *Livingston* v. *Roosevelt*, 4 Johns. 251. According to these cases, the presumption is, that one partner, assuming to act as above, is duly authorized. See also *Swan* v. *Steele*, 7 East, 210; *Miller* v. *Hughes*, 1 A. K. Marsh. 181. So far as the cases in our own reports go, they are in favor of the rule as thus stated. But, in all the books, where the party seeking to recover has notice, he cannot recover; and this is always the case where one takes a partnership note of one partner, for his own debt. In the latter case, the plaintiff must prove that such partner was duly authorized.

2. The indorser of a note not negotiable is liable to the indorsee, in the same manner as on a negotiable note. See the cases referred to in Minot's Dig. 93.

METCALF, J. We are of opinion, that the instructions, which were given to the jury, were strictly conformed to the law of the case.

And we are of opinion, that the last prayer for instructions, made by the defendant, was rightly refused. When a party makes or indorses a note, for the purpose of its being used in a particular way, he takes the risk of its being used in a different way, and cannot refuse to pay it to any *bona fide* holder into whose hands it may come. Byles on Bills, (2d Am. ed.) 143 [113]; *Powell* v. *Waters*, 17 Johns. 176.

But we are also of opinion, that the defendant's first prayer for instructions ought to have been granted. One partner has an implied authority to bind the firm by simple contracts relating to the partnership, and within the scope of the reg·

ular partnership business. In such cases, the act of each partner is regarded as the act of all. But guaranties of the debts of others, and notes or bills of exchange made or indorsed for the accommodation of others, or as surety for others, are out of the scope of the business of a trading firm.

Whatever the English law may formerly have been, as to guaranties, we consider it now settled, in England as well as in the United States, that one partner cannot bind the firm by a guaranty of the debt of another, without a special authority for that purpose, or an authority to be implied from the common course of the business of the firm, or the previous course of dealing between the parties; unless the guaranty be afterwards adopted and acted upon by the firm. *Crawford* v. *Stirling*, 4 Esp. R. 209; *Duncan* v. *Lowndes*, 3 Campb. 478; Theobald on Prin. and Surety, § 41; Burge on Suretyship, 33, 34; Addison on Contracts, 487; Pitman on Prin. and Surety, 80; Bac. Ab. (Dodd's ed.) Merchant and Merchandise, C; 3 Kent Com. (6th ed.) 46; Collyer on Part. 3d Am. ed.) § 421. It has also been decided, that when a party takes such a guaranty, to which the partnership name is signed, the burden of proof is on him, in a suit thereon, to show that the partner who signed such name was authorized so to do by the other partners, or that they subsequently ratified his act. 3 Campb. *ubi sup. ; Hamill* v. *Purvis*, 2 Pennsyl. 177.

We are not inclined, however, to put this case solely upon the ground of a guaranty. For though the plaintiff has sued the defendants as guarantors, yet he might, by our law, have sued them as original promisors. If he had so done, the note, as to them, would have been regarded as made for the accommodation, or as sureties, of McLellan and De Puy; and the law, as to the burden of proof, would have been the same, if Ames & Co. knew, when they received the note, that it was thus made by one only of the defendants. *Foot* v. *Sabin*, 19 Johns. 154; *Laverty* v. *Burr*, 1 Wend. 531; *Bank of Rochester* v. *Bowen*, 7 Wend. 159; *New York Firemen Ins.*

Sweetser *v.* French & others.

*Co.* v. *Bennett*, 5 Connect. 574 ; *Darling* v. *March*, 9 Shep. 184 ; Wallace's notes to 1 American Leading Cases, 300 – 304.

The burden which the law puts upon a plaintiff, in a case like this, to prove the precedent authority or subsequent ratification of the other partners, may be sustained by circumstantial evidence. Direct or positive proof is not required. As has been already stated, such authority may be implied or inferred from the common course of the business of the firm, cr the previous course of dealing between the parties. So a ratification may be implied or inferred from the acts or omissions of the other members of the firm, after they know or have the means of knowing that one of its members has signed the names of the firm as guarantors or sureties, or for the accommodation of others. *Duncan* v. *Lowndes*, 3 Campb. 478 ; *Ex parte Nolte*, 2 Glyn & Jameson, 295 ; *Gansevoort* v. *Williams*, 14 Wend. 139, 140 ; *Bank of Kentucky* v. *Brooking*, 2 Littell, 41 ; *Jones* v. *Booth*, 10 Verm. 268.

*New trial ordered.*