## BANK OF NEWBURY v. RAND.

When a note is made to raise money, it does not change the liability of the maker that the money· is advanced by a third person instead of the payee.

Where the defendants, for the purpose of raising money for the use of a railroad, signed a note payable to a bank, and delivered it to agents to procure it to be discounted, but the bank refusing to advance the money, the agents obtained a larger sum of other persons upon the notes of the corporation and directors, and pledged the note of the defendants together with the bonds of the corporation, as collateral security, and the money was appropriated for the use of the road—*Held*, that the notes of the corporation not being paid, a suit could be maintained upon the note of the defendants, in the name of the bank, for the benefit of those who advanced the money.

ASSUMPSIT, on a promissory note signed by the defendants, dated the 8th day of March, 1854, for $2,500, payable in three months from date, to the Bank of Newbury, at their banking-house at Wells River.

It was agreed that the note was executed by the defendants, Charles W. Rand, Nelson Gile and Willard Cobleigh, and placed in the hands of Ira Goodall or Robert Morse, for the purpose of raising money for the White Mountains Railroad ; that at the time of its execution it was expected by the defendants and by Goodall and Morse that the note would be discounted by the bank to which it was made payable, and nothing was said about using it in any other way. The bank declined to discount it, and Goodall and Morse thereupon applied to Samuel Hutchins and others, who agreed to loan to the railroad the sum of about nine thousand five hundred dollars, upon the notes of said corporation being given to them for that amount, with the directors as sureties, and upon condition that bonds of the corporation to the nominal amount of about twelve thousand dollars, and the note in suit, should be delivered to them to hold as collateral security. The corporation

notes, with the directors as sureties, were given, and the bonds and the note in suit passed to said Hutchins and others, who advanced the said sums of nine thousand five hundred dollars thereon, which sum was applied to the uses of the railroad. This disposition of the note in suit was made without the knowledge or assent of the defendants, but with the knowledge and assent of the bank, and with the understanding that it might, if necessary, be prosecuted in the name of the bank, at the expense of Hutchins and others.

Suits have been instituted on the corporation notes, against the corporation and directors who executed the notes as sureties, which are now pending, and in which security for a part only has been obtained.

Two of the defendants were directors of the corporation at the time of the making of the note, and for a long time after. The note was delivered to Hutchins and others, as aforesaid, a day or two after its date.

Such judgment was to be rendered as in the opinion of the court the facts warranted, and the case was transferred to this court for determination.

*Carpenter* and *Hibbard*, for the plaintiff.

*C. W. & E. D. Rand*, and *H. & G. A. Bingham*, for the defendants.

EASTMAN, J. The principles governing the decision of this case must be regarded as settled by several adjudged cases in our own Reports.

In *Elliott* v. *Abbott*, 12 N. H. 549, the note was made payable to the Ashuelot Bank, or order, and offered at the bank for discount. The bank was not discounting at the time, and the note was accordingly refused, but the cashier referred the principal on the note to the plaintiff, who discounted it ; and it was held that the note might be declared

on as a note made payable to the bank, giving to the bank
an indemnity for costs ; or that the holder might declare
upon it as made payable to himself by the name of the
bank.   It was also held that if the holder could obtain a
valid indorsement by the bank, he might maintain an ac-
tion as indorsee.

In *Cross* v. *Rowe*, 22 N. H. (2 Fost.) 77, it was held that
a negotiable note, made payable to a bank, or order,
but not discounted by the bank, might be indorsed to
the holder of the note by a vote of the directors of the
bank ; and that where such note is made to raise money,
the sureties upon it cannot object that, by so doing, the
note has been turned from its legitimate purpose, so as
to discharge them from their liability.

The note in that case was made payable to the South
Berwick Bank, or order, in sixty days from date, but was
not discounted by the bank, nor was it indorsed to the
plaintiff till two or three months after it fell due.   The
note was made to raise money to pay the plaintiff a debt
due him from the principal.

In *Hunt* v. *Aldrich*, 27 N. H. (7 Fost.) 31, a note was
made payable to the Cheshire Bank, or order, to raise
money.   Thompson, the principal, applied to the bank,
and failing to get the note discounted, went to the plain-
tiff, who let him have the money.   Some time after the
note fell due, Aldrich, the other signer, became aware that
the plaintiff had discounted the note for Thompson, but
he did not assent to it, nor did he acknowledge any liabil-
ity to the plaintiff.   The note was never held by the bank,
nor had it been indorsed to any one.   The note was de-
clared on as payable to the plaintiff by the name of the
Cheshire Bank, and it was held that the action could be
maintained.

These decisions are sustained by authority.   In *Bank of
Chenango* v. *Hyde*, 4 Cow. 567, Hyde, Johnson and Whit-
ney, the defendants, made a note to be discounted at the

bank, and payable to the bank. Hyde took the note to the bank, but they declined to discount it. Hyde then applied to one Birdsall, who advanced the money, and the note was lodged at the bank, as agent of Birdsall, for his security. In a suit in the name of the bank, for the benefit of Birdsall, it was held that, as the note was made to raise money, it did not change the liability of any of the parties to it, that the money was advanced by Birdsall instead of the bank.

In *Bank of Rutland* v. *Buck*, 5 Wend. 66, a note was made to enable the principals to raise money for their own accommodation, and signed by Buck as surety. It was offered at the bank for discount, and declined. Subsequently, and prior to its becoming due, it was delivered by the principals to House and others, as collateral security for the payment of a judgment in their favor against the principals; and it was held that the surety was liable for the payment of the note. *Savage*, C. J., in delivering the opinion of the court, says : " It was immaterial to the surety who advanced the money, provided the principals had the benefit of it. It did not alter his responsibility, nor was there any fraud in House & Co., in taking the note for a debt due to them. It passed to the credit of the principals." And again : " Had the principals obtained a discount at the bank, they might have paid the money to House & Co., and Buck's liability would have been the same ; his situation is not changed, nor is there any fraud."

To the same effect are *Powell* v. *Waters*, 17 Johns. 176 ; *Marvin* v. *McCullum*, 23 Johns. 288, and others that might be cited.

The principle of the case is this, that where a note is made to raise money, it does not change the liability of the parties to the note that the money is advanced by a third person instead of the payee ; and the holder may maintain a suit upon the note, declaring upon it in the

name of the payee, giving him an indemnity for costs, or he may declare upon it, as made payable to himself by the name of the payee.

The present case finds that the note in suit was made to raise money ; that it was put into the hands of Goodall and Morse for that purpose, with the expectation, it is true, that it would be discounted by the bank, but with no restriction upon its being otherwise used. The object was to obtain money for the road. The bank declining to discount it, Goodall and Morse, to whom it was entrusted, made an arrangement with Hutchins and others to advance a larger sum, upon other security united with this. The note in this way was made to answer the end for which it was signed. It was payable at the bank, and there it would be found at maturity ; and whether discounted by the bank or pledged with Hutchins for the money, it could make no difference with the defendants, so long as it answered the object of obtaining money for the use of the road. It could have been paid at the bank with equal convenience to the defendants, whether discounted by the bank or individuals. And the notes of the corporation, for the payment of which this note was pledged, have not been paid.

The case cannot be distinguished in principle from those already decided in this State, and which we regard to be law ; and according to the agreement of the parties there must be

*Judgment for the plaintiff.*