## CHRISTOPHER MEYER v. WILLIAM BEARDSLEY, JUN.

1. When the drawee of a bill of exchange writes upon it "accepted," or words of like import and design, and signs it, it is a response to the request therein contained; and the language of the bill and the acceptance are but parts of one entire contract in writing, and the responsibility of the acceptor is like that of a maker of a note—he is treated as a primary debtor.

2. The rule excluding parol evidence tending to vary the nature of the contract, and convert an absolute into a conditional contract, applies to an unqualified acceptance in writing.

3. To constitute an acceptance, no special words are necessary. The signature alone of the drawer across the face of the bill will constitute a written acceptance.—*Per* VREDENBURGH, J.

This was an action of assumpsit brought in the Middlesex Circuit Court by William Beardsley, jun., as endorsee, against Christopher Meyer, as acceptor of a bill of exchange, drawn on him by F. Lunt, for $1240, payable at two days' sight, to the order of Charles Beardsley and Brothers, dated at St. Louis, March 12th, 1861.

On the face of the bill, and across it, were the following words: "Excepted, April 22d, '61. Meyer."

The plaintiff declared upon the bill in the usual form, adding the common counts. The defendant pleaded the general issue, and the cause was tried in the term of September, 1861. The draft and acceptance having been proved, the defendant offered evidence to show that the acceptance

was conditional, and that the condition had not been performed.

The court, at the instance of the plaintiff, overruled the evidence thus offered, and thereupon a bill of exceptions was prayed, and allowed and sealed by the court. The bill of exceptions, omitting the formal parts, is as follows:

" Whereupon the defendant offered to prove as follows:

"Some time prior to the date of the draft, the defendant agreed with F. Lunt, the drawer, to loan him five thousand dollars, to be secured by the drawer on certain real estate in St. Louis, where the drawer resided. The drawer represented the property to be free of encumbrance. Defendant caused an examination of the record of the title to be made, and ascertained that the property was largely encumbered by judgments and mortgages to its full value, or nearly so, and declined making the loan. Lunt thereupon promised to have the judgments and mortgages cleared off and removed, and to send to defendant satisfactory evidence that the property was free from encumbrances. This he never did, and has not yet done. This was all prior to the date of the draft. The draft was presented for acceptance about the 15th of March, A. D. 1861. Defendant refused to accept, and gave to the agent of the plaintiff, a clerk in his employ, who presented the draft for acceptance, as a reason, that the security offered by the drawer was not satisfactory, and he had not sent the papers he promised. Between the 15th of March and the 22d of April, the draft was repeatedly presented by the same agent for acceptance, which was refused for the reason above stated. On the 22d April, the draft was again presented by the same agent. Defendant at first refused to accept it, but finally, to avoid the trouble and necessity of plaintiff sending the draft almost daily for acceptance, the defendant agreed to, and did accept the draft, to be paid on condition that the defendant received from the drawer the county clerk's certificate, or other satisfactory evidence, that the property was free and clear of encumbrances. In the interval, between the 15th March and the

22d April, the defendant had an interview with the plaintiff, in which he explained to the plaintiff the reason why he refused to accept the draft, as herein before stated. Plaintiff said we, that is, Charles Beardsley and Brothers, of whom plaintiff is one, had taken the draft on account of a previous debt due from Lunt. The draft was afterwards presented for payment which defendant refused, as he had not received the promised papers or evidence from Lunt, and the encumbrances had not been cleared off and removed. "

The jury rendered a verdict for plaintiff, under the direction of the court, on which judgment was entered.

The defendant brought his writ of error, and assigned for error the refusal of the court below to admit in evidence the facts he had offered to prove as a defence against the action.

For the plaintiff in error, *H. V. Speer.*

For the defendant, *A. V. Schenck.*

CHIEF JUSTICE.   Where the drawee of a bill of exchange writes upon the bill the word accepted, or any words of equivalent import, and signs it, it is a response to the request contained in the bill that he will pay the money mentioned in it, and requested to be paid, as therein directed.   The language of the bill and the acceptance are but parts of an entire contract in writing, all the terms of which are expressed in writing with just as much certainty as if the acceptor was the maker of a note for the amount.   The responsibilities of the acceptor are like that of the maker of a note—he is treated as the primary debtor.

The rule excluding parol evidence tending to vary the nature of the contract, and convert an absolute into a conditional contract, applies in full force to an unqualified acceptance in writing.

This acceptance is an absolute contract in words to pay according to the tenor of the bill : it is not a contract implied by the law as the result of a certain act of the party, as an

endorsement of a note or bill; such an endorsement is, until filled up, no contract in writing, and cannot be recovered upon. *Johnson* v. *Martinus*, 4 *Halst.* 144; *Watkins* v. *Kirkpatrick*, 2 *Dutcher* 85; *Susquehanna Bridge and Bank Company* v. *Evans*, 4 *Washington's C. C.* 480.

But none of the cases cited support the position, that the express engagement of the party to a bill or note reduced to writing may be varied by a contemporaneous parol agreement, showing a contract of a different legal import. 1 *Mee. & Wels.* 374; *Adams* v. *Wordley; Heaverin* v. *Donnell*, 7 *Smedes & Mar.* 244; 1 *Pars. Notes and Bills* 201; *Spring* v. *Lovett*, 11 *Pick.* 416; *Hanson* v. *Stetson*, 5 *Pick.* 506; *Goodwin* v. *McCoy*, 13 *Ala.* 261; *Hoare* v. *Graham*, 3 *Camp.* 57.

At one time, in England, it seems to have been considered an open question whether an unqualified acceptance in writing might not be shown by parol to have been qualified. *Bayley on Bills*, c. 6, § 1.

But I think the case of *Adams* v. *Wordley*, already cited, must be regarded as settling that question there, and I am not able to distinguish such an acceptance from a promissory note, upon which the law must be regarded as well settled upon this point, in addition to the cases already cited. *Ridout* v. *Bristow*, 1 *Tyrw.* 84; *Farnham* v. *Ingham*, 5 *Ver.* 114; *Woodbridge* v. *Spooner*, 3 *B. & Ald.* 223, may be referred to.

In the present case, the bill before acceptance was drawn by one Sims, to the order of Charles Beardsley & Brothers, of whom plaintiff was one, and taken by them on account of a debt due from Lunt to them. The condition sought to be proved was, that the bill was not to be paid until Lunt showed a clear title to some property in St. Louis, upon which Lunt was to secure Meyer, the acceptor, for the advance. Meyer at first refused to accept, because the title was not shown to be clear, but afterwards did accept upon the condition stated. Lunt never showed a clear title, and Meyer refused to pay. The court below overruled the evidence, and did so rightly.

It was insisted, in this court, that there was no considera-

tion for the acceptance, and that therefore the plaintiff could not recover.

The bill was not an accommodation bill between Lunt, the drawer, and Charles Beardsley & Brothers, the payees. It was given to them to pay a precedent debt. That is a sufficient consideration to support the acceptance. Want or failure of consideration, if the latter be entire, may be a defence between the promisor and his immediate promisee, and generally is. but the acceptor of a bill of exchange and the payee do not stand in the position of immediate parties of promiser and promisee. The payee stands in the position of a stranger to the acceptor, as to the consideration of the bill. *Robinson* v. *Reynolds*, 2 *Q. B.* 196.

It is of no consequence that the payee of a bill knew that there was no consideration for the acceptance, as between the drawer and acceptor; if the payee or subsequent holder gave a *bona fide* consideration for it it is enough, and entitles him to recover. *Smith* v. *Knox*, 3 *Esp. R.* 46; *Powell* v. *Waters*, 17 *Johns.* 176; *Bank of Rutland* v. *Buck*, 5 *Wend.* 66.

There is no pretence of fraud in this case. The plaintiff is an innocent holder for the precedent debt due the firm of which he was a member; that was a sufficient title to enable him to recover.

The judgment should be affirmed.

OGDEN, J. The suit was brought by the endorsee against the acceptor of a bill of exchange. The bill is dated St. Louis, Missouri, March 12th, 1861, payable at two days' sight, made by F. Lunt in favor of the order of Charles Beardsley & Brothers, for the payment of twelve hundred and forty dollars, and drawn upon C. Meyer, New Brunswick, N. J., who accepted the same generally in writing, on the 26th of April, 1861. It was endorsed by the payees over to William Beardsley, jun., the defendant in error.

The bill of exception was sealed, upon the refusal of the judge of the Circuit Court to admit the defendant below to prove, that an oral condition was connected with the written

acceptance, that it was not to be paid unless he, Meyer, should receive from the drawer satisfactory evidence that his property in St. Louis was free and clear of encumbrances. The acceptance is absolute on its face, made upon a negotiable instrument, which, by the form of it, became payable in five days from the date of the acceptance; and the defence insisted on was, that there was a contemporaneous verbal agreement that it should not be paid until the acceptor received certain documents from the drawer. The question presented to this court is, whether an acceptance of a negotiable instrument, absolute on its face, can be shown to be conditional by parol? It was not pretended, in argument, that such proof could be given in a suit brought by an endorsee who was a third party; but as the plaintiff below was one of the firm of Beardsley & Brothers, it was urged that he held the paper both for acceptance and collection. Can such an acceptance be qualified by parol in the hands of the payees? The great weight of authority is against the admissibility of the testimony, because its admission would contradict the terms of the written contract.

The case of *Adams* v. *Wordley*, 1 *M. & W.* 374, was an action by the drawee against the acceptor. The defence set up was an agreement, not in writing, that the plaintiff stipulated not to call upon the defendant until an action against a third party was determined. The judges overruled the defence, upon the ground that, by a parol contemporaneous agreement, it sought to alter the absolute engagement entered into by the bill—declaring in their opinions, given *seriatim*, that it would be very dangerous to allow a party to alter, in such a manner, the absolute contract on the face of a bill of exchange, as it would be incorporating with a written contract, an incongruous parol condition, which is contrary to first principles. The subject is very fully discussed in *Parsons on Notes and Bills*, where all the authorities cited on this argument are referred to, and very many others. The learned author states the law to be, that the maker of an absolute note cannot show against the payee, and *a fortiori*,

not against any endorser, an oral contemporaneous agreement, which makes the note payable only on a contingency. To illustrate : "It cannot be shown that an absolute acceptance was conditioned orally, upon the drawer's finishing certain work undertaken for the drawee, or that a note was payable, only in case the sale of a lot of land was suspended." So also, that a mutual understanding of the parties, at the time a note was given, that if the value of the goods sold should turn out less than supposed, the note should be void, is no defence. The doctrine maintained by the author referred to, applies only to cases where the instrument is absolute and complete in its terms, and leaves nothing to be supplied by oral evidence to make an entire and intelligible stipulation. A conditional acceptance, made to depend upon the happening of a future event, is in fact only a promise to accept absolutely when the contingency shall happen, and it is a different contract from an acceptance absolute on its face.

The judgment below should be affirmed with costs.

VREDENBURGH, J. This was an action brought by Beardsley, as payee, against Meyer, as acceptor of a bill of exchange, in the following words :

$1240.                          ST. LOUIS, March 12th, 1861.

Two days sight pay to the order of Charles Beardsley and Bro's twelve hundred and forty dollars value received, and charge the same to the account of          F. LUNT.

The defendant, by way of defence, offered to prove by parol that at the time when the defendant wrote the words "Excepted April 22, '61. C. Meyer" across the face of the bill, he annexed to the acceptance a condition that Lunt was to furnish him satisfactory evidence that his, Lunt's, property in St. Louis was free from encumbrance before payment, which was never done. This offer the court overruled. It is now contended that the word "Excepted," written across the face of the bill, is equivocal, and not an absolute acceptance, and liable therefore to be qualified by parol testimony of what took place at the time.

The writing across the face of the bill is in red ink, and in the ordinary form of an acceptance, only the word is "excepted," instead of the ordinary one accepted.

To constitute an acceptance, no special words are necessary. The signature alone of the drawee across the face of the bill will constitute a written acceptance.   It is a presumption of law in this case, that the word "excepted" was used in the sense of accepted, and constitutes an absolute written acceptance, as much so as if the word accepted had itself been used. This being the legal result of the facts, it follows that no parol proof can be admitted to prove a conditional acceptance, as that would be contradicting the written evidence. 1 *Parsons on Notes* 201 and *note W*.

Upon this question I fully concur in opinion with the Chief Justice.

VAN DYKE, J., dissenting.   This is an action brought by the endorsee of a foreign bill of exchange against the acceptor.   The bill appears to be in the usual form, and the acceptance is without condition on its face.   The signature to the bill was duly proved, but the defence offered was wholly overruled by the court.   Whether this was right or not, is the question raised by the writ of error.

It appears that, previous to the making of this draft or bill of exchange, the defendant and F. Lunt, the drawer, had had some negotiations concerning the loan of a sum of money. Meyer, it seems, had agreed to loan money to Lunt, the drawer, to be secured on real estate in St. Louis, where the drawer then resided.   Lunt, the drawer, represented the property to be free and clear of all encumbrances; but Meyer, the defendant, caused an examination to be made of the records of St. Louis, and found the property to be largely encumbered, to nearly or quite its full value, and declined to make the loan.   Lunt then promised to have the encumbrances entirely removed from the property, and to send to the defendant satisfactory evidence that the property was free from encumbrance.   This he never did; but being in-

debted to the firm of Charles Beardsley & Brothers, of which firm the plaintiff is one, he drew the draft in question in their favor on the defendant. It was endorsed by the firm to the plaintiff, one of its members, and transmitted to New Brunswick, in this state, for presentation and acceptance. It is dated on the 12th of March, is payable at two days' sight, and was first presented on the 15th, by the agent of the plaintiff. The matter seems then to have been explained to the agent, and the acceptance refused on the ground that none of the securities for the contemplated loan had been furnished or made satisfactory. This presentation was several times repeated between the 15th of March and the 22d of the following April, and the acceptance was as often refused for the same reason. In the meantime, the plaintiff and defendant had an interview on the subject, at which the whole matter, with the reasons for his refusal to accept, was explained by the defendant to the plaintiff. Afterwards, and on the said 22d, of April, the draft was again presented for acceptance, and at first refused; but afterwards, to avoid the trouble of an almost daily repetition of the presentment, he accepted the draft on the condition that he would pay it if he received from the drawer the county clerk's certificate or other satisfactory evidence, that the property was free and clear of encumbrances; but no such certificate or evidence having been received, he afterwards, for that reason, refused to pay the draft when it was presented for payment.

All these facts the defendant offered to prove on the trial, but was not permitted to do so; and the question now arises, if he had done so, as it must now be presumed he could have done, could the jury, under such evidence, have lawfully rendered a verdict for the defendant? If they could, then the court was wrong in overruling it.

This is said to be a conditional acceptance, and two questions seem to be presented for consideration: 1. Can a written acceptance, absolute in its terms, be shown to be conditional by parol? 2. If this cannot be done when that simple naked question is alone presented, is there anything in this

case, growing out of all the circumstances connected with it, which takes it out of the operation of that rule?

That an acceptance may be conditional, if the condition is put in writing, there can be no doubt; the cases are numerous to sustain it. But whether an acceptance that is absolute upon its face can be shown to be conditional by parol testimony is not so clear. Writers on the subject do not agree. If the paper have passed, without dishonor and in the regular course of business, into the hands of a subsequent and innocent holder without any knowledge of such state of things, it would seem to be contrary not only to justice, but contrary to all legal analogies, and dangerous and impolitic in the extreme, to permit such a defence. But when the suit is between the immediate parties to the acceptance and between the parties to the condition, who knew all about it, and all about the circumstances which led to such an arrangement, and agreed to it at the time, it seems to me that justice, sound policy, as well as legal analysis, require that the whole transaction and arrangement between them touching the acceptance should be shown.

It is said to be the contradiction of a written agreement by parol testimony. But this is not a contradiction of anything that is written; what is written of the agreement is admitted, and not denied, but it is insisting that the whole of the agreement was not reduced to writing, and that the verbal, which is in addition to and in explanation of the written agreement, should be received in evidence. This is a familiar principle. Nor can I see any stronger reason for rejecting parol testimony in explanation of the circumstances under which a bill of exchange was accepted, than in the case of the payer of a promissory note. In the latter case, he puts in writing a positive and unconditional promise to pay the note according to its terms, and thereby declares that he has received the full consideration therefor; yet he is always permitted, between himself and the payee, to show, by parol, that he never was to pay that money to him under any circumstances, and that he never did receive any con-

sideration for it whatever. This does seem to be, in some measure, a contradiction by parol of the written agreement, and yet the law permits it to be done, and it is not easy to see why the same thing may not be done in case of a draft, where the acceptor becomes the payer, and is said to occupy much the same position as the payer of a promissory note.

But if it be true that under ordinary circumstances a condition contemporaneous with the written acceptance cannot be shown by parol, do not the whole of the circumstances, as we must suppose them to exist in this case, wholly preclude the idea that this holder can now recover of this defendant the amount due on this draft, and do they not take the case entirely out of the stringent rule contended for? I think they do. It will be observed that the case is singularly free from any equities on the part of the plaintiff for the court to sustain. The plaintiff, or his firm rather, paid no consideration for the draft. They took it on account of an old or previous debt: Whatever that previous debt may have cost them, the draft cost them nothing in addition thereto. The defendant had nothing in his hands belonging to the drawer, and never had had. He owed him nothing, and has never had any consideration for this acceptance, and no probability that he ever will. The draft was drawn upon him without any authority so to do, and he promptly refused to accept it or to recognize it. Of all this the plaintiff was fully aware, having had the matter and circumstances and cause of refusal to accept explained to him by the defendant. But after a persistence of over a month on the part of the plaintiff and his agent, of an almost daily presentment of the draft, long after it was dishonored, the defendant finally, to avoid any further trouble of presentment, agreed to accept it on the understanding and agreement between them that he would pay it if the drawer complied with his promise to furnish the securities, certificates, &c., otherwise not. Such we must understand to be the purport of what is termed the condition, to which both were parties; and now to permit the holder to recover all this money, when nothing has been

done by either him or the drawer to forward the papers, or to put the defendant in any different condition than he was when he wrote his acceptance on the doubly dishonored paper, would seem to be extraordinary in the extreme; and that he should thus suffer, because he was not permitted to give the truth in evidence, when he can prove it by his adversary, is stranger still. I think, therefore, that the evidence offered by the defendant should have been received, and if believed by the jury, should have operated as a complete defence.

Judgment of Circuit Court affirmed.

CITED in *Chaddock* v. *Vanness*, 6 *Vroom* 520; *Wright* v. *Remington*, 12 *Vroom* 55.