(81 Misc. Rep. 152.)

### SENFT v. SCHAEFLER et al.

(Supreme Court, Appellate Term, First Department.   June 17, 1913.)

1. BILLS AND NOTES (§ 251*)—VALIDITY—DIVERSION.
    The discounting of a note by the payee with a third party, instead of discounting it at the bank where it was intended to discount it, would ordinarily constitute no diversion as to an accommodation indorser, who indorsed to enable the payee to obtain the money thereon.
    [Ed. Note.—For other cases, see Bills and Notes, Cent. Dig. §§ 571–574; Dec. Dig. § 251.*]

2. BILLS AND NOTES (§ 251*)—VALIDITY—DIVERSION.
    Where an accommodation indorser makes the discounting of a note at a particular bank a condition of its delivery to the payee, the payee has no right to use the note, except subject to that condition.
    [Ed. Note.—For other cases, see Bills and Notes, Cent. Dig. §§ 571–574; Dec. Dig. § 251.*]

3. BILLS AND NOTES (§ 379*)—DEFENSES AVAILABLE AGAINST BONA FIDE PURCHASERS.
    · That a note, the discounting of which at a particular bank was made a condition of its delivery to the payee by an accommodation indorser, was discounted with a third party, was not available to the indorser as a defense as against a bona fide holder for value, under Negotiable Instruments Law (Consol. Laws 1909, c. 38) § 35, providing that, where the instrument is in the hands of the holder in due course, a valid delivery by all parties prior to him, so as to make them liable to him, is conclusively presumed.
    [Ed. Note.—For other cases, see Bills and Notes, Cent. Dig. § 965; Dec. Dig. § 379.*]

4. APPEAL AND ERROR (§ 1066*)—BILLS AND NOTES (§ 538*)—ACTIONS—INSTRUCTIONS.
    In an action on a note which plaintiff discounted for the payee, where an accommodation indorser claimed that it was a condition of its delivery to the payee that it should be discounted at a particular bank, and where there was evidence tending to show that plaintiff discounted the note without notice of the condition, it was reversible error to refuse an instruction as to the rights of a bona fide holder, although there were other grounds upon which the verdict for defendant might have been

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

based, since the court could not speculate as to how the jury arrived at its conclusion.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 4220; Dec. Dig. § 1066;* Bills and Notes, Cent. Dig. §§ 1895–1898, 1900–1910; Dec. Dig. § 538.*]

Appeal from Municipal Court, Borough of Manhattan, Eighth District.

Action by Elias Senft against Louis Schaefler and others. From a judgment on a verdict for defendants, plaintiff appeals. Reversed, and new trial ordered.

Argued May term, 1913, before LEHMAN, BIJUR, and WHITAKER, JJ.

Louis Rosenberg, of New York City, for appellant.

Joseph Wilkenfeld, of New York City (Jacob S. Demovitch, of New York City, of counsel), for respondents.

LEHMAN, J. The plaintiff sues the defendant upon a note indorsed by him for the accommodation of the payee. It is not disputed that the plaintiff discounted the note for value. The defendant, however, denies that he had any notice of the nonpayment of the note, and sets up various affirmative defenses, including that the note was diverted from the purpose for which it was given. It is not denied that the note was made for the payee's accommodation, and was discounted by him.

[1] The defendant, however, claims that he indorsed the note for the purpose of discounting it himself at his bank, that the bank refused to discount it without another indorsement, and that he delivered the note to the payee to obtain the second indorsement. The mere fact that the payee discounted the note with a third party, instead of at the bank where it was intended to discount the note, would ordinarily constitute no diversion, if the defendant indorsed the note to permit the payee to obtain the money. The mere fact that he discounted the note with some third party, instead of at the bank where the parties originally intended that it should be discounted, would be immaterial, for the purpose for which the defendant lent his credit would be fulfilled, and no additional burden would be placed upon him. Powell v. Waters, 17 Johns. 176.

[2, 3] If, however, the defendant actually made the discounting of the note at the bank a condition of its delivery to the payee, then, however immaterial the condition may seem, the payee had no right to use the note except subject to this condition. Even in that case, however, the diversion of the note would be no defense as against a bona fide holder for value, for "where the instrument is in the hands of the holder in due course, a valid delivery thereof by all parties prior to him so as to make them liable to him is conclusively presumed." Negotiable Instruments Law, § 35.

[4] In this case the plaintiff claims that he discounted the note without notice that it was delivered subject to any condition. While this is denied, it was a question for the jury, and the trial justice erred in refusing to instruct the jury as to the rights of a bona fide holder.

It is, of course, immaterial that the jury's verdict in favor of the defendant may have been found on some other theory than that the note was diverted. This issue was submitted to the jury, and any material error in the charge on this branch of the case requires a reversal of the judgment, for we cannot speculate upon how the jury arrived at its conclusion.

The appellant raises various questions upon the trial justice's rulings on the evidence, and I think it is unnecessary to consider them in detail, since in any event there must be a new trial, except to point out that the admission of the judgment roll in the City Court action was clearly erroneous.

Judgment should be reversed, and a new trial ordered, with costs to appellant to abide the event. All concur.