By the Court. Vanderpoel, J.
The note in suit was an accommodation note, given by the defendant, Lewis Clark, to “ help his brother Lyman out of difficulty,” to borrow the language of the witness, Pierson, The defendant resists its payment on three grounds, via., 1st That the plaintiffs paid nothing for the note, and that therefore it is subject to all the equities between the original parties. 2d. That it was diverted from the purpose for which it was given, and that, therefore, the defendant, as accommodation maker, is not bound. 3d. That the taking the check of Lyman Clark, under the circumstances disclosed in the case, payable five days after its date, was such an extension of the credit, as to discharge the defendant.
The first question is, whether the defendant paid such value for the note as to be entitled to protection. The plaintiffs, according to the testimony of Lyman Clark, took the note before it became due, in part pajunent of a note which the plaintiffs held against Lyman, for $409, and gave up to Lyman his note, he paying the plaintiffs the difference between the two notes, in money. Ever since the case of Bay v. Coddington, 20 John. 637, this has been held a sufficient parting with value, to enable a bona fide holder of an accommodation note to recover. (Bank of Sandusky v. Scoville, 24 Wend. 115; Grandin v. Le Roy, 2 Paige, 509; Stalker v. M'Donald, 6 Hill, 93; Small v. Smith, 1 Denio, 503.)
In the case last mentioned, Beardsley, J. said, that as a general proposition, it was true, that if the plaintiffs received the note in payment and satisfaction of a debt due to them from the accommodation holder, that was a sufficient consideration for its transfer, and they thereby became purchasers for value. To protect, however, the holder of a negotiable security which has been passed to him in fraud of the rights of others, he must *118 not only have taken it without notice, but must also have parted with something of actual value upon the credit or faith thereof, Here, the plaintiffs parted with the note they held against Lyman Clark, and gave it up to him. By this, the relations of the parties were changed. The rule has long been uniform and well established, that the holder of negotiable paper must part with something of value to enable him to recover against an accommodation maker or indorser, where the transfer of the note is fraudulent as against him j but what constitutes such value, is a question which still seems doomed to judicial conflict. The rules of the supreme court of the United States, and the late court of last resort in this state, are discordant on this subject. (Swift v. Tyson, 16 Peters, 1; Stalker v. M'Donald, 6 Hill, 93.)
But this inquiry becomes quite immaterial, if there was, in point of fact, no diversion of the note from the purpose for which it was created. If it were an accommodation note, without restriction as to the manner in which it should be used, then it was not passed to the plaintiffs in fraud of the maker, and it is not for him to inquire, whether the plaintiffs took it for a preexisting debt, or for value actually advanced contemporaneously with its transfer. The judge, at the trial, charged upon the question as to the effect of the alleged diversion, full as favorably to the defendant as the law warrants; and the jury, to have found their verdict, must have concluded, that the note •was not given for the sole purpose of having it discounted at the Albany City Bank ; and we feel no disposition to arraign their finding, in this particular. The note was lent to Lyman, •to help him out of difficulty ; and the jury may have properly supposed, that it would answer that end as effectually by applying it to a debt which Lyman owed the plaintiffs, as by any other use of it, Lyman says, he told the defendant, that he wanted to get the note discounted at the Albany City Bank; but there was no positive agreement, that it should be discounted there. To expose negotiable paper to the objection of a diver- • sion from the use to which it was to be applied, an agreement as to the manner in which it was to be used, must be shown. -A mere intimation of the party accommodated, that he “wants *119 or expects to get it discounted at a particular bank,” is slight evidence indeed of such an agreement, especially when the note was given for the general purpose of helping him out of difficulty. Judge Story, (1 Story on Bills, § 191,) says, it is no defence or bar, that the bill was known to the holder to be an accommodation bill between the other parties, if he takes it for value bona fide, before it has become due. The reason is, he remarks, that the very object of every accommodation bill is to enable the parties thereto, by a sale or other negotiation thereof, to obtain a free credit and circulation thereof; and this object, he says, would be wholly frustrated, unless the purchaser or other holder for value could hold such a bill by as firm and valid a title, as if it were founded in a real business transaction. In short, the parties to every accommodation bill hold themselves out to the public by their signatures to be absolutely bound to every person who shall take the same for value, to the same extent, as if that value were personally advanced to them, or on their account, or at their request.
3. The judge properly submitted the point in relation to the taking of Lyman Clark’s check. The jury must, under the charge, have found that there was no agreement on the part of the plaintiffs to wait until the check became due, and that they did not receive the check in payment of the note. There was not such an extension of credit on the note, as to discharge the maker.
The motion for a new trial is denied.