## DEUEL *a.* SPENCE.

*Court of Appeals ; December Term,* 1854.

PLEA OF USURY.—VARIANCE.—ACCOMMODATION INDORSEMENTS.

The provisions of the Code respecting variance between pleadings and proofs are applicable to the defence of usury.

Unless the proofs of usury differ from the answer in its entire scope and meaning, the variance will be deemed immaterial if the plaintiff gives no proof that he was misled to his prejudice.

Testimony going to show usury, but at a different rate from that alleged in the pleadings ; *held,* wrongfully excluded.

It *seems* that it is no misapplication of a note sufficient to discharge an accommodation indorser that the note is discounted or pledged by the maker in a manner in violation of the understanding had with the indorser, so long as the proceeds fairly realized are not misapplied.

This was an action brought in the Superior Court by the plaintiff, a partner in the late firm of Buckley, Jr. & Deuel, upon two promissory notes made by Sweet & Tibbs, and indorsed by Spence, and which, upon the dissolution of the partnership, being over due and unpaid, had been assigned to Deuel by his co-partner.

The defendant Spence, the indorser, averred in his answer, " that the notes mentioned in the complaint were indorsed by this defendant without any consideration therefor, for the benefit of and to enable the firm of Sweet & Tibbs to obtain a loan upon one of them only, from one of the banks at which they were respectively made payable, and upon the agreement that the one not discounted should be returned to this defendant ; and in case neither should be discounted, both should be returned to the defendant or destroyed. That said Sweet & Tibbs failed to get either of said notes discounted at either of the said banks, and wholly omitted to either return or destroy said notes according to said arrangement and agreement. That instead of returning or destroying the same, he deposited or delivered the said note for $675 with Buckley, Jr. & Deuel, of which firm the plaintiff at the maturity of said note was, and defendant believes still is, a member thereof, to secure an

antecedent or pre-existing debt previously due to the said Buckley, Jr. & Deuel for about $544, for a usurious loan of that amount made by them to Sweet & Tibbs at the rate of one per cent per month, or more than the legal rate of interest allowed by law, and upon the understanding that said Buckley Jr. & Deuel should forbear and give twelve or fifteen days further time of payment of said $544 at the rate of one per cent per month for interest, and also deposited or delivered said note of $700 to said Buckley, Jr. & Deuel as a security for a loan of $675 then and there loaned by them to said Sweet & Tibbs upon a corrupt and unlawful agreement, that said Buckley, Jr. & Deuel should give twenty days for the payment thereof, and take and reserve for the use or forbearance of said sum of $675 interest at the rate of one per cent per month, or a greater sum than that allowed by law for the use or forbearance of money. That before or at the time of taking said note, as this defendant is informed and believes, the said Buckley, Jr. & Deuel had full notice of the object for which they were indorsed by this defendant, and that they were indorsed without consideration, and notwithstanding such knowledge of the misapplication and want of consideration, took the said notes as aforesaid."

These allegations were denied by the reply.

On the trial the counsel for defendant offered to show a general agreement between Buckley & Deuel, and Sweet & Tibbs, as to the amount of interest to be paid by Sweet & Tibbs, and received by Buckley & Deuel, on all moneys lent by them to Sweet & Tibbs. The counsel for the plaintiff objected to the testimony. The court overruled the testimony, and the counsel for the defendant Spence excepted.

Upon the point of usury, among others, the court charged the jury that if the note had been discounted, or money advanced upon it at the rate of one per cent a month, as the defence set up, the plaintiff could not recover; but that unless it was proved that the rate was to be one per cent a month, the defendant was liable. And to this the defendant's counsel excepted.

Verdict was found for the plaintiff.                    •

The defendant's motion for a new trial was denied at the general term, and he appealed.

*Elijah Ward*, for appellant.

*E. L. Fancher*, for respondent.

RUGGLES, J.—On the trial of this cause the defendant's counsel requested the judge to charge that if Spence was an accommodation indorser, and the notes were made for the purpose of having one or both of them discounted at one or both of the Newburgh banks, then the notes were diverted from their original purpose, and that the plaintiff was not entitled to recover.

The judge was right in refusing to charge according to this request. According to the testimony of Sweet, the notes were drawn to enable Sweet & Tibbs to raise money, and there is nothing in the case to show that the money when raised, was to be applied to any particular purpose. They had the right to apply it to such purpose as they chose. It was entirely immaterial to Spence whether the notes were discounted at a bank at Newburgh, or by an individual at any other place. (Powell *v.* Waters, 17 *Johnson*, 176). In Brown *v.* Taber, 5 *Wend.* 566, the note was indorsed for the accommodation of the maker, for the purpose of enabling him to redeem the property of one of his neighbors taken in execution. It was payable at a bank in Albany, offered there by the maker for discount, refused and returned to the maker with the bank marks upon it, and afterwards applied by him to the purchase of lottery tickets at an exorbitant price, a few days before its maturity. This was an application of the note to an entirely different purpose from that for which it was made; and under circumstances, which in the opinion of the court, were sufficient to charge the holder with notice of its misapplication.

In the present case, if the note was fairly discounted by Buckley & Deuel, whether for money paid at the time, or for a precedent debt, there was neither fraud nor misapplication of the note. If the note had been discounted at Newburgh, Sweet & Tibbs might rightfully have applied the money to the payment of their check held by Buckley &

Deuel, and they did no wrong to the indorser in paying the note to that firm for that purpose.

Nor can I perceive how Buckley & Deuel's knowledge of the original intention to have the notes discounted at one of the banks of Newburgh could make any difference in the case so long as Sweet & Tibbs were at liberty consistently with their duty to their indorsers to apply the proceeds of the notes to the payment of their debt to Buckley & Deuel. In the Seneca County Bank v. Neass, (3 Comst. 442), it was decided that when a note was indorsed for the accommodation of the maker without any restriction as to the particular purpose to which it should be applied, the maker had a right to appropriate it to any purpose which he might deem for his own interest, and he having appropriated it to the payment of a note, held by the plaintiffs against him, the consideration was declared to be sufficient to render it valid in their hands. The holder in that case and under those circumstances recovered against the accommodation indorser.

We think there was no error in any part of the charge of the judge for which the judgment can be reversed, except in what he said in regard to the question of usury.

In the course of the trial for the purpose of showing the transaction usurious, the defendant's counsel offered to show a general agreement between the firm of Buckley & Deuel, and the firm of Sweet & Tibbs, as to the amount of interest to be paid by the latter firm for moneys borrowed of the former. This evidence was objected to and excluded, and an exception taken to the decision. And the judge charged the jury that the usury must be proved to have been taken at the rate of one per cent a month, as set up in the answer, and that if not so proved, the defendant was liable on the $700 note.

The evidence of the agreement as to the rate of interest was probably rejected on the ground that the offer did not specify that the rate of interest agreed on, was the same as that stated in the answer. We think the proof offered was erroneously excluded ; and that there was error in the part of the charge last referred to.

In Catlin v. Gunter, (1 Kernan, 368), decided at the last Sep-

tember term, it was held that the provisions of the Code of Procedure on the subject of a variance between the pleading and proofs, are applicable to cases in which usury is set up as a defence; and that a variance between the answer and the proof in such a case should be deemed immaterial, unless the proof differed from the answer in its entire scope and meaning, if the plaintiff gave no proof that he was misled to his prejudice. According to this case a variance as to the rate of interest merely, should, we think, have been disregarded at the trial. The evidence offered should have been admitted, and the jury instructed in conformity with the rule adopted in that decision.

The judgment below must be reversed, and a new trial directed, with costs to abide the event of the suit.