## SUPREME COURT.

### ALSON D. HULL agt. THOMAS BALL and others.

Where an answer to a complaint, in an action against the maker and two indorsers of a promissory note, is verified by one of the defendants only, it is insufficient in the verification. There are three distinct causes of action in such a case; and the defendants, though they may have a common defence, their interests are not united or joint, and each must defend for himself. Of course, each should verify his answer, whether put in unitedly or separately.

Such an answer cannot be *returned*, because the verification as to one of the defendants is good; but the plaintiff's attorney, if he does not intend to waive his right, should give the defendant's attorney prompt notice that he insists upon an answer verified by all the defendants. By keeping the answer some forty days, without giving any notice, he waives his right to insist upon any defect in the mode of verification.

*Albany Special Term, Sept,* 1856.

MOTION to set aside answer.

The action is upon a promissory note, of which the defendant Ball is maker, and the defendants Curran and Baxter first and second indorsers. On the 14th of August, an answer for all the defendants was served upon the plaintiff's attorney. The answer was verified by the affidavit of Curran only. On

VOL. XIV.                    20

Hull agt. Ball and others.

the 22d of September, the plaintiff's attorney served notice of this motion : until this notice was served, the defendants' attorneys were not apprized that the plaintiff's attorney claimed that the verification of the answer was insufficient.

E. HYATT, *for plaintiff*

R. A. PARMENTER, *for defendants.*

HARRIS, Justice. Three distinct causes of action were combined in this one suit. The defendants may have a common defence, yet each must defend for himself. Their interest is, in no respect, a joint or united interest. Whether, therefore, they answered separately or jointly, each was required to verify his answer. (*Andrews* agt. *Storms,* 5 *Sand.* 609.)

The answer served being unverified, as to the defendants Ball and Baxter, the plaintiff's attorney was not bound to receive it as their answer. But, as it was properly verified by the other defendant, the answer could not be returned. Under these circumstances, it was the duty of the plaintiff's attorney, if he did not intend to waive his right to insist upon an answer verified by all the defendants, to give prompt notice to the defendants' attorneys, so that they might, if they had seen fit to do so, serve another answer duly verified, or, if the time to answer had expired, apply to the court for relief. (*White* agt. *Cummings,* 3 *Sand.* 716; *Strauss* agt. *Parker,* 9 *How.* 342; *Strout* agt. *Curran,* 7 *id.* 36.)

The plaintiff's attorney, having retained the answer from the 14th of August to the 22d of September without objection, must be deemed to have waived his right to insist upon any defect in the mode of verification.

The motion must, therefore, be denied, with costs.