# N. Y. COMMON PLEAS.

## THOMAS WHEELER agt. IRA A. ALLEN.

*Promissory note — accommodation indorser.*

If an accommodation maker or indorser has no interest in the way in which the proceeds of the note are to be used, it is no defense to him that he was told the note was to be discounted by a bank, though it was in fact used and intended to be used in paying an antecedent debt.

*General Term, April,* 1879.

APPEAL from a judgment of the marine court, general term.

*S. V. R. Cooper,* for appellant.

*S. E. Swain,* for respondent.

VAN HOESEN, *J.* — Muirheid was indebted to Wheeler on a note which was past due. Wheeler pressed Muirheid for payment, and Muirheid asked if Wheeler would take a new note at three months, with Ira A. Allen, the defendant, as indorser. Wheeler said he would, and Muirheid then applied to Allen to indorse his note, for discount, at the Sixth National Bank. Allen inquired what Muirheid wanted to do with the money ; Muirheid said, " to pay bills." Allen had no interest in the application of the avails of the note to any particular purpose. Allen then indorsed the note, and Muirheid took it to Wheeler, who surrendered the old note to Muirheid, by whom it was at once destroyed.

The defendant interposed two objections to the recovery which the court directed against him ; or, rather, his defense consists of two branches, the loss of either one of which is fatal to his case.

1st. He insists that the note was fraudulently diverted, because it was not discounted at the Sixth National Bank.

Wheeler agt. Allen.

2d. That the plaintiff is not a *bona fide* holder for value, because he parted with nothing of value at the time he acquired the note.

The indorser, if injured by the discounting of the note at a different bank from the one at which he believed the discount would be obtained, or if injured by the application of the proceeds of the note to a purpose different from that for which he became indorser, may set up the defense of misappropriation against any one but a *bona fide* holder. If, however, he has no interest in the way in which the proceeds of the note are to be used, it is no defense to him that he was told that the note was to be discounted by a bank, though it was in fact the intention of the maker, whom he accommodated, to use the note in paying an antecedent debt, and though the note be so used (*Mohawk Bank* agt. *Corey*, 1 *Hill*, 515; *Montross* agt. *Clark*, 2 *Sand.*, 115; *Edwards on Bills*, 322; *Daniels on Negotiable Instruments*, secs. 792–794).

In this case there is nothing to show a misappropriation of the note. It was perfectly proper, therefore, to overrule the defense, even though the plaintiff were shown to hold the note as collateral security for an antecedent debt (*Schepp* agt. *Carpenter*, 51 *N. Y.*, 602; *Grocers' Bank* agt. *Penfield*, 69 *N. Y.*, 502). But there was another reason for directing a verdict for the plaintiff; he was a *bona fide* holder for value, before maturity and in the regular course of business. He surrendered the old note, which was destroyed by Muirheid. The giving up of the old note made him a holder for value. The law on this point is settled by a long course of decisions, and *Moore* agt. *Ryder* does not lay down a different doctrine. The judgment and order appealed from should be affirmed, with costs.

DALY, C. J., concurred.