DANIEL KATZ, Appellant, *against* JOHN P. KUHN *et al.*, Respondents.

(Decided April 5th, 1880.)

Where, at the commencement of the trial, the case of the plaintiff is admitted, and his right to the judgment demanded in the complaint is conceded, unless an affirmative defense be established, the right to open and close is with the defendant.

A variance from an answer setting up the defense of usury, merely as to the exact amount of usurious interest received, without any claim on the part of the plaintiff that he has been misled thereby, does not invalidate the defense.

An application to treat an unverified pleading as a nullity cannot be made at the trial.

APPEAL from an order of the general term of the marine court of the city of New York affirming a judgment of that court entered on the verdict of a jury.

The action was brought, by the indorsee, upon a promissory note, against the maker and indorsers. The facts are stated in the opinion. At the trial, the jury found a verdict for the defendants; and a motion by the plaintiff for a new trial on the minutes was denied, and judgment for the defendants was entered on the verdict. From the judgment

Katz v. Kuhn.

and the order denying a new trial the plaintiff appealed to the general term of the marine court, which affirmed the judgment; and from the order of affirmance the plaintiff appealed to this court.

*Julius Lipman* and *Morris Goodhart*, for appellant.

*Wm. G. McCrea* and *James Clark*, for respondents.

VAN HOESEN, J.—This action is brought upon a promissory note, made by Kuhn, and indorsed by the defendants Roediger and Koenig. The complaint alleges the making of the note by Kuhn, the indorsement of it before maturity by Roediger and Koenig, the transfer before maturity to the plaintiff, the non-payment of the note when presented for payment, and the giving of due notice to the indorsers. Kuhn, the maker, admits the making of the note, and alleges that it was transferred to the plaintiff as collateral security for another note of $175, which the plaintiff had discounted for him at a usurious rate ; the agreement being that the plaintiff should receive, and that the defendant Kuhn should pay him, $50 for the loan and forbearance of $125 for two months. As to Kuhn, the plaintiff would have been entitled upon the pleadings to a verdict in his favor at the trial, if Kuhn did not prove the usury set up in his answer. The defendants, Roediger and Koenig, though they were not united in interest, interposed a joint answer, in which they pleaded usury, as the defendant Kuhn had done, and also denied each and every allegation in the complaint not expressely admitted. This answer undoubtedly put in issue the demand of payment and the notice to the indorsers of non-payment, and required that the plaintiff should prove, before he could recover against Roediger and Koenig, that payment of the note had been duly demanded, and that they had been duly notified of its non-payment. Upon the pleadings, the plaintiff was entitled, therefore, as between himself and Roediger and Koenig, to the opening and the close of the case at the trial.

At the beginning of the trial, the counsel for all the de-

fendants claimed the right to open the case, and said that the action was on a note, and the defense, usury. The plaintiff's counsel also claimed the opening, and duly excepted to the ruling of the justice, which awarded the opening to the defendants. There was no formal withdrawal of those negative allegations of the answer which put in issue the averments of demand and notice, but it is nevertheless obvious that both sides understood that usury was the only question that would be litigated. The plaintiff did not offer, nor did the defendants call for, any evidence as to demand or notice, nor was any evidence proffered by either side as to any other issue than that of usury. It is now insisted by the plaintiff that the refusal of the justice to give him the opening and the close, was a fatal error which must reverse this judgment.

The rule is that the party who holds the affirmative of the issue is entitled to the opening and the close. " The test by which to determine who has the right to begin is to be found in the answer to the question which party should have a verdict if no evidence were given." Ordinarily, this question can only be determined by the pleadings, and there is no doubt that the right to begin has in almost every case which has fallen under our observation been decided by the pleadings alone.

In England, the practice has not been altogether uniform. Thus, in Van Cott's edition of Cowen & Hill's Notes to Phillips on Evidence, vol. 1 p. 818, it is said that the right to begin may be taken from the plaintiff, where the defendant will venture to give him a whole *prima facie* case, even on the general issue. This was conceded in ejectment by an heir. The defendant offered to admit that he was heir, and rely on a conveyance from the ancestor, which carried the title out of him. It was agreed that if the defendant would admit the seizin of the ancestor as well as the heirship, this would entitle him to begin; but he declining to do so, the plaintiff began.

This case is that of *Doe* ex. dem. *Tucker* v. *Tucker*, 1 Mood. & Malk. 536. In *Lacon* v. *Higgins*, 3 Stark. 176, on a plea of coverture to an action of assumpsit for goods sold,

Katz *v.* Kuhn.

the defendant consenting to admit the amount of the plaintiff's bill was allowed to begin.

It is difficult to see any good reason why the form in which the defendant admits that the plaintiff will be entitled to recover unless an affirmative defense is established, should control the substantial rights of the parties. If the admission be made in the answer, the right of the defendant to begin can not be gainsaid. Why should the admission, when made in open court, and entered on the record, be less effectual? The reason of the rule giving the party who holds the affirmative the right to begin, is, that the affirmative usually admits of simple and direct proof, and the negative does not, so that it is the natural and the easiest way of ascertaining the truth to call upon him who asserts a fact to prove it. In addition to this, is the consideration that the person who bears the burden of proof should be allowed, after his evidence has been criticised, and perhaps misrepresented and distorted, to state exactly what he thinks he has established. The pleadings are resorted to solely because in most cases they afford the only clue to what the issues really are; but if the parties afterwards, in the immediate presence of the court, change the issues, and one of them concedes all that the pleadings require the other to prove in order to succeed, why should the party who need offer no evidence, and who is entitled to recover without proof unless his adversary establishes a defense, retain a right which belongs to the party who has something to prove? There is no good reason for a distinction between the effect of an admission in the pleadings and the effect of an admission made at the trial. Both are declared to be solemn admissions. To use the words of Greenleaf, § 27; "solemn admissions, or admissions in judicio, are those which have been solemnly made in the course of judicial proceedings, either expressly, and as a substitute for proof of the fact, or tacitly, by pleading." My conclusion is, that if the defendant admit the plaintiff's case, and his right to the judgment demanded in the complaint unless an affirmative defense be established, whether such admission be made by pleading, or

Katz *v.* Kuhn.

at the beginning of the trial, he is entitled to begin, and to make the last address to the jury.

But there is in this case this feature: Kuhn, the maker, was entitled to begin, for he had the burden of proof upon him, and it was not necessary for the plaintiff to prove demand and notice of non-payment, in order to recover against him. It was not in the power of the plaintiff to deprive him of that right by joining as defendants in the action the two indorsers. If it were erroneous for the court to deny the opening to the plaintiff as against Roediger and Koenig, it would have been quite as erroneous to deny Kuhn the opening on the issue joined between him and the plaintiff; and the exception of the plaintiff is, therefore, too broad, for it is to the ruling of the court which awarded the right to begin to Kuhn.

But in addition to this we are satisfied that the plaintiff suffered no injury from the ruling in question, for the only issue tried was the issue of usury, and as to that all the defendants certainly had the affirmative. The jury were instructed that they should find for the plaintiff, if the defense of usury were not established, and the plaintiff had no right to ask any more. Would it be anything else than a mockery of justice to order a new trial because the plaintiff was not permitted to offer evidence, and have the closing address to the jury, on a point which was not involved in dispute?

The next error assigned is that the court failed to order judgment for the plaintiff, there being a total failure of proof of the usury set up in the answers. The answers alleged that the plaintiff lent to Kuhn only $125, and that he took as interest on the loan $50 for two months, but the evidence showed that he lent $150, and took $25 for the interest for one month. It is said that this was not a mere variance, but was a total failure of proof. The strict rule respecting the defense of usury which once prevailed has ceased to exist. The plaintiff did not, as did the plaintiff in *Griggs* v. *Howe*, 2 Abb. Ct. App. Dec. 291, assert that he had been misled by the variance; indeed, he did not even contend, as he now contends, that there was a failure of proof, but he contented himself with insisting that there was a variance. There certainly was a variance, but

Katz z. Kuhn.

it was immaterial, and it did not invalidate the defense (*Catlin* v. *Gunter*, 11 N. Y. 368; *Duel* v. *Spence*, 1 Abb. Ct. App. Dec. 559; *Manning* v. *Tyler*, 21 N. Y. 567; *Clayes* v. *Hooker*, 4 Hun. 231). The refusal of the court to direct a verdict for the plaintiff was, therefore, correct. If it were necessary to conform the pleadings to the proofs, we could do so on this appeal. The next assignment of error is that the judge refused to order judgment against Koenig, who failed to verify his answer. The application was properly refused; it came too late. The Code of Civil Procedure, § 528, provides that where a party who is required to verify his pleading neglects to do so, the adverse party must, with due diligence, give notice that he intends to treat the unverified pleading as a nullity. There was nothing to show that the plaintiff had ever given any such notice; and, furthermore, it was evident that he had not moved with due diligence. Such a motion cannot be made at the trial. The object of requiring notice is to enable the party in default to apply for leave to supply the omission (See *Hull* v. *Ball*, 14 How. Pr. 305).

The last error assigned is that the judge refused to charge that "the plaintiff had the right, and acted properly, in bringing an action on the note for $600." Had the plaintiff asked simply for an instruction to the effect that he had a right to sue on the note, the court would, doubtless, have given it; but he chose to add a request that was clearly improper—a request to instruct the jury that in bringing an action on that note he had acted properly. It was not the duty of the court either to commend or to censure the plaintiff for having brought the action. Questions of propriety are not usually questions of law for the courts.

The judgment and the order appealed from should be affirmed, with costs.

CHARLES P. DALY, Ch. J., and J. F. DALY, J., concurred.

Judgment and order affirmed, with costs.