EDMUND J. TINSDALE, Appellant, *against* HENRY MURRAY, Impleaded, &c., Respondent.

(Decided January 3d, 1881.)

Upon the trial of an action in the marine court of the city of New York, upon a promissory note, against the indorser, it appeared that the note was without consideration, and was indorsed and delivered by the indorser to the maker, with the expectation on the part of the indorser that it would be passed by the maker to a particular person as security for a loan to be obtained by the maker ; but that the maker transferred it to the plaintiff in part payment of an antecedent debt. The court instructed the jury that the only question for them was, whether the indorsement was upon the condition that the note should not be used otherwise than by being passed to the person specified, in the manner stated ; and if they should find that it was, the verdict should be for the defendant. The jury found for the plaintiff ; but on appeal from the judgment entered on the verdict, the general term of the marine court reversed the judgment and ordered a new trial ; and from this decision the plaintiff appealed to this court. *Held,* that if the finding of the jury that there was no restriction or condition imposed by the indorser upon the use of the note was correct, the application of it to a purpose different from that contemplated by the indorser was not such a diversion as would constitute a defense to him, even as against the plaintiff, who took the note only as collateral security for an antecedent debt ; but as the reversal of the judgment by the general term of the marine court might have been upon the ground that the verdict was against the weight of evidence, and that the indorser did in fact impose such a condition, this court could not entertain an appeal from a decision on such a ground ; and as no valid exception appeared to have been taken by the defendant on the trial, the appeal must be dismissed.

APPEAL from an order of the general term of the marine court of the city of New York, reversing a judgment of that court entered upon the verdict of a jury, and granting a new trial.

The action was brought upon a promissory note made by the defendant Francis X. Schoonmaker, and indorsed by the defendant Henry Murray. The facts are stated in the opinion. The defendant, Schoonmaker, did not answer the complaint. Upon trial of the issues on the answer of the defendant Murray, the judge instructed the jury as follows:

" The question for you to consider is solely whether or not, at any conversation had between Judge Murray and Mr. Schoonmaker, Judge Murray substantially conveyed to Schoonmaker the idea that he would not indorse the note, except upon the condition that it should not be used otherwise than by being passed to Judge Hilton in the manner as testified to by the defendant.

" If Mr. Schoonmaker received the indorsement upon that condition, and left Judge Murray to believe he would act under this condition, then the defendant is entitled to your verdict."

The jury found for the plaintiff, and a motion by the defendant Murray upon the minutes to set aside the verdict, and for a new trial upon exceptions taken by him, was denied, and judgment for the plaintiff was entered on the verdict. From the judgment and the order denying the motion to set aside the verdict and for a new trial, the defendant Murray appealed to the general term of the marine court, which reversed the judgment and ordered a new trial. From this order the plaintiff appealed to this court, stipulating that should the order be affirmed, judgment absolute should be rendered against him in favor of the defendant Murray.

*Foster & Stephens*, for appellant.

*Nelson J. Waterbury*, for respondent.

VAN HOESEN, J. — In the case of *Wheeler* v. *Allen* (59 How. Pr. 118), as well as in the cases of *Mohawk Bank* v. *Corey* (1 Hill, 515), and *Montross* v. *Clark* (2 Sandf. 115), the plaintiff was a *bona fide* holder for value. The case now before us differs from them all in that respect, and we are called on to consider whether the plaintiff, who received the note merely as collateral security for an antecedent debt, is entitled to recover upon it from the defendant Murray, who indorsed it with the expectation that it would be discounted by Mr. Henry Hilton. The jury found by their verdict that the note was not indorsed by Murray upon condition that it should not be used unless it was passed to Mr. Hilton. In other words, they found that

there was no restriction as to the use which might be made of the note, though there was no room for doubt that Murray expected that it would be discounted by Hilton. Schoonmaker, the maker of the note, who induced Murray to indorse it, told him that Hilton said he did not want the note, but he (Schoonmaker) insisted on giving it to him. Murray said that he would indorse it, but that it must not go to protest under any circumstances. Schoonmaker said that he should have plenty of money, and that he would take it up himself. Schoonmaker, failing to get the note discounted by Hilton, transferred it to the plaintiff as security for an antecedent debt. The general term of the marine court seem to have considered this to be a diversion of the note, and consequently that the plaintiff, who is not a *bona fide* holder for value, could not recover. If the facts which I have narrated constituted what the law adjudges a diversion of the note, the decision of the marine court was right. The first question, therefore, is, was the note diverted, within the meaning of the law ?

In the case of *Powers* v. *Waters* (17 Johns. 176), the court said that it was of no consequence that a note, which was indorsed with the understanding that it was to be discounted at a particular bank, was in fact discounted elsewhere; for, it did not alter or increase the responsibility of the indorser. In *Bank of Rutland* v. *Buck* (5 Wend. 66), the court reiterated that opinion. In *Wardell* v. *Howell* (9 Wend. 170), in *Mohawk Bank* v. *Corey* (1 Hill, 513), in *Duel* v. *Spence* (1 Abb. Ct. App. Dec. 559), in *Montross* v. *Clark* (2 Sandf. 115), in *Purchase* v. *Mattison* (2 Robt. 76), and in many other cases which might be cited, the law is laid down that the lender of accommodation paper who has no interest in the use of its proceeds, cannot complain that it has been diverted simply because it was not discounted by the person whom he was led to believe would cash it, or because it was used in paying an antecedent debt, though the accommodation indorser expected it would be used to raise money. The effect of these decisions seems to me to settle the law that unless the accommodation indorser imposes some restriction upon the borrower as to the use to be made of the paper, the latter may apply the note to any pur-

Tinsdale v. Murray.

pose which he considers of advantage to himself, even though the purpose be different from that which the indorser contemplated. Where the note is negotiated in violation of the restriction, the transferee cannot recover upon it, without showing that he paid value for it, before its maturity, without notice of the restriction, and in the regular course of business. This restriction may be imposed, not merely when the accommodation indorser has a pecuniary interest in the use to which the proceeds of the note shall be applied, but in any case whatever. It is always competent for him, when he lends his name, to fix the condition upon which the note shall be transferred, and to prohibit its transfer unless that condition be complied with. When he does so, it is not for the courts to say whether or not the condition should be dispensed with. One who takes the note, the use of which is so restricted, with notice of the facts, or merely as collateral security for an antecedent debt, cannot recover upon it. But, as as already been said, where no restriction is imposed, where no condition is made, which limits the right of the person for whose accommodation the note is drawn, to use it as he thinks best, it is not a diversion of the note for him to apply it to any purpose which he considers advantageous to himself, though that purpose be the paying or the securing of an old debt, and though the accommodation indorser expected that the note would be discounted at a bank. The courts have said that if the note were discounted, the proceeds could be used to pay an antecedent debt, and that it cannot injure the accommodation indorser, if the note itself, instead of the avails of it, be applied to that purpose.

The case of *Rutland Bank* v. *Buck* (5 Wend. 66), to which I have already referred, holds this very doctrine, as do the other cases which I have cited.

When an accommodation indorsement is procured by false and fraudulent representations, the transfer of the note conveys no title to one who receives it as security for an antecedent debt; not because it has been diverted, but because the fraud, practiced upon the indorser, vitiates the instrument in the hands of every one but a *bona fide* holder for value.

Where the accommodation indorser is interested in the use

to be made of the proceeds of the note, it is a diversion of the note to use it in any way which will deprive him of the benefit of those proceeds. Hence, if the note be diverted, no one can recover against the indorser but a *bona fide* holder for value.

In the case before us, there is no evidence that the indorsement of the defendant was obtained by fraud. If there were fraud, no attempt was made to prove it. The jury have found distinctly that the defendant imposed no restriction upon the use to be made of the note. It is not contended that the defendant had any interest in the proceeds of the note, or any concern with the use to which Schoonmaker might apply them. Upon the facts found by the jury, there is no doubt in my mind that the transfer of the note to the plaintiff was not, in contemplation of law, a diversion of it. If the note were not diverted, then, under the decision of the court of appeals in *Grocers' Bank* v. *Penfield* (69 N. Y. 502), the plaintiff, though he received the note as collateral security for an antecedent debt, would be entitled to recover. Such is the law of this state, as settled by the uniform course of decisions.

Though the opinion of the marine court at general term fails to state whether the judgment of the trial term was reversed because the verdict was against the weight of evidence, or because it was supposed that even upon the facts found by the jury the plaintiff was not entitled to recover, it is nevertheless apparent that a motion for a new trial was made upon the minutes, and that all the evidence was before the general term for review. It may be that the general term thought that the verdict of the jury was against the weight of evidence, and that Murray did make it a condition that the note should not be used at all if Hilton would not discount it.

Under these circumstances, we cannot entertain this appeal. As the judgment may have been reversed on the ground that the verdict was against the weight of evidence, we are bound to dismiss the appeal, unless we discover that the defendant took some good exception at the trial ; in which event, it is our duty to render judgment absolute against the plaintiff. I fail to find upon the points of the respondent a reference to any valid exception taken at the trial, and I think, therefore, that

the appeal should be dismissed with costs (*Harris* v. *Burdett*, 73 N. Y. 136).

CHARLES P. DALY, Ch. J., and J. F. DALY, J., concurred.

Appeal dismissed, with costs.