PHINNEY AYRES AND SAMUEL E. AYRES, APPELLANTS, *v.* SARAH J. DOYING, RESPONDENT.

*Diversion of a promissory note from the use to which it was to have been applied — when that fact may be set up by the maker as a defense to an action brought by a transferee of the note, receiving the same as collateral to a pre-existing indebtedness.*

In this action brought upon a promissory note given by the defendant to one John D. Taylor, and transferred to the plaintiffs before maturity, the defendant set up, as a separate defense, that Taylor being indebted to one Shaw in the sum of $150 for services rendered, in obtaining the contract for the doing of the work which furnished the consideration of the note, applied to the defendant before the last payment was due for notes amounting to $250; that the defendant had agreed to satisfy and pay the claim of Shaw out of the proceeds of the last payment, and she refured to give the notes; that then Taylor promised that if two notes, one for $100 and the other for $150 were given, he would deliver the $150 note to Shaw in payment; that thereupon the $150 note was made and delivered; that Taylor diverted this $150 note from the purpose for which it was made; that no consideration or value was given for the note by the plaintiffs, who received the same as collateral and in consideration of an antecedent indebtedness of Taylor to them.

*Held*, that the facts so set up established a defense, and that a demurrer interposed thereto by the plaintiffs was properly overruled.

APPEAL from a judgment overruling a demurrer interposed to the second defense set up in the defendant's answer.

*James B. Lockwood,* for the appellants.

*John C. Shaw,* for the respondent.

Brady, J.:

This action was predicated of a promissory note given by the defendant to one John D. Taylor and transferred before maturity, for a valuable consideration.

It is alleged in the complaint that the defendant gave the note to John D. Taylor in payment for work and labor performed and materials furnished by him to her, and which allegation is admitted.

The defendant, however, for a separate defense, set up that Taylor was indebted to John C. Shaw in the sum of $150 for services rendered in obtaining for him the contract for the work done, and which sum was to be paid out of the last payment for the work performed and materials furnished and supplied by Taylor at the request of and upon the houses belonging to the defendant; and that thereafter, and before the last payment became due, which was to be made to Taylor under the contract, he applied to the defendant for notes aggregating the sum of $250; that the defendant refused to give him the notes, as she had agreed, in consideration of his promise, to satisfy and pay the claim of Shaw out of the proceeds of the last payment, and that thereupon Taylor promised that, if the notes were made out and divided in amounts, that is, one for $150, he would deliver it to Shaw in payment, and that thereupon and upon his express agreement that the note of $150 would be delivered to Shaw in payment of his claim against Taylor, the defendant made and delivered the note for that amount mentioned in the complaint; that Taylor unlawfully and wrongfully failed to deliver that note to Shaw, but diverted the same from the purpose for which it was made and delivered, and finally, the defendant, upon information and belief, charged that no consideration or value was given for the note by the plaintiffs, who received the same as collateral and in consideration of an antecedent indebtedness of Taylor to them.

The learned justice in the court below held the defense set up a good one and in this view we concur. In the case of the *Grocers'* *Bank* v. *Penfield* (69 N. Y., 502) it was held after a full examination of the authorities, it is true, that where a promissory note

was made for the accommodation of the payee, but without restriction as to its use, an indorsee taking it as collateral security for the antecedent debt of the indorser, without other consideration, but in good faith and before dishonor, occupied the position of a holder for value. But, at the same time, the court declared it to be undoubtedly the rule, that where the note was diverted from the purpose for which it was entrusted to the payee and some other equity existed in favor of the maker, it was necessary that the holder should have parted with value on the faith of the note in order to cut off the equity. (See *Pool* v. *Watson*, 50 Supr. Ct., 53 ; *Continental National Bank* v. *Townsend*, 87 N. Y., 8, 10.)

The rule, applicable to the defense set up herein by the defendant, is well stated in *Tinsdale* v. *Murray* (9 Daly, 449), in which it is said that it was always competent for the maker to fix the condition upon which the note shall be transferred, and to prohibit its transfer unless that condition be complied with ; and further, that one who takes a note, the use of which is restricted, as collateral security for an antecedent debt, cannot recover upon it.

The learned counsel for the plaintiffs thinks that whatever happened between Shaw and Taylor is *res inter alios acta* and did not concern the defendant, and that there was no obligation on her part to pay Shaw anything ; and the case of *Wheeler* v. *Allen* (59 How., 118) is cited as demonstrating the instability of the defense which has just been considered. But in that case, although it was held that if an indorser had no interest in the way in which the proceeds of a note were to be used, it was no defense to him that he was told the note was to be discounted at a bank, though it was in fact the intention of the maker, whom he accommodated, to use the note to pay an antecedent debt, and though the note be so used. It was nevertheless said that there was nothing in the case to show a misappropriation of the note.

Assuming the doctrines of that case to be perfectly well settled, it has no application to the facts developed. If the defendant chose, as she has done, to protect a creditor of her contractor, and he assented to the arrangement by which such protection was accomplished, the agreement between them is controlling, and any departure from it must be governed by the rules of law which may be invoked under the circumstances. She had a perfect right to

say: " I will give you a note for a hundred and fifty dollars, but it is upon the express understanding that it shall be delivered to one of your creditors, whose claim grew out of the contract between you and me." Of course, he might have declined to accept a note under the circumstances, and to have prosecuted his claim, if he had one, against her. But having submitted to the condition imposed, it is binding upon him and upon his creditor, who accepted a note thus restricted and diverted only as collateral to and in settlement of an antecedent debt.

For these reasons the judgment should be affirmed, with costs.

DAVIS, P. J., and DANIELS, J., concurred.

Judgment affirmed, with costs.