Brady,- J.
This action was predicate of a promissory note given by the defendant to one John D. Taytor, and transferred before maturity for a valuable consideration.
It is alleged in the complaint that the defendant gave the note to John D. Taylor, in payment for work and labor performed, and materials furnished by him to her, and which allegation is admitted.
The defendant, however, for a separate defense, set up that Taylor was indebted to John 0. Shaw, in the sum of $150, for services rendered in obtaining for him the contract for the work done, and which sum was to be paid out of the last payment for the work performed and materials furnished, and supplied by Taylor at the request of, and upon the houses belonging to the defendant; and i hat thereafter and before the last payment became due, which was to be made to Taylor, under the contract, he applied to the defendant for notes, aggregating the sum of $250; that the defendant refused to give him the notes, as she had agreed, in consideration of his promise, to satisfy and pay the claim of Shaw out of the proceeds of the last payment; and that thereupon Taylor promised that, if the notes were made out and divided in amounts, that is, one for $150, he would deliver it to. Shaw in payment, and that thereupon and upon his express agreement that the note of $150 would be delivered to Shaw in payment of his claim against Taylor; the defendant made and delivered the note for that amount mentioned in the complaint; that Taylor unlawfully and *569 wrongfully failed to deliver that note to Shaw, but diverted the same from the purpose for which it was made and delivered, and finally, the defendant, upon information and belief, charged that no consideration or value was given for the note by the plaintiff, who received the same as collateral and in consideration of an antecedent indebtedness of Taylor to them.
The learned justice in the court below held the defense set up a good one, and in this view we concur. In the case of the Grocer's Bank v. Penfield (69 N. Y., 502), it was held, after a full examination of the authorities, it is true, that where a promissory note was made for the consideration of the payee, but without restriction as to its use, an indorsee taking it as collateral security for an antecedent debt of the indorser, without other consideration, but in good faith and before dishonor, occupied the position of a holder for value. But, at the same time, the courts declared it to be undoubtedly the rule, that where the note was diverted from the purpose for which it was intrusted to the payee, and some other equity existed in favor of the maker, it was necessary that "the holder should have parted with value on the faith of the note, in order to cut off the equity. See Pool v. Watson, 50 Supr. Ct. Rep., 53; Continental National Bank v. Townsend, 87 N. Y., 18.
The rule applicable to the defense set up herein by the defendant is well stated in Tinsdale v. Murray (9 Daly, 449), in which it said that it was always competent for the maker to fix the condition upon which the note shall be transferred and to prohibit its transfer unless that condition be complied with and further that one who takes a note, the use of which is restricted, as collateral security for an antecedent debt cannot recover upon it.
The learned counsel for the plaintiff thinks that whatever happened between Shaw and Taylor is res inter alla acta and did not concern the defendant and that there was no obligation on her part to pay Shaw anything, and the case of Wheeler v. Allen (59 How., 118), is cited as demonstrating the instability of the defense which has just been considered. But in that case, although it was held that if an indorser had no interest in the way in which the proceeds of a note were to be used, it was no defense to him that he was told thé note was to be discounted at a bank, though it was in fact the intention of the maker whom he accommodated to use the note to pay an antecedent debt and though the note be so used; it was nevertheless said that there was nothing in the case to show a misappropriation of the note.
Assuming the doctrines of that case to be perfectly well *570 settled, it has no application to the facts developed. If the defendant chose, as she has dope to protect a creditor of her contractor and he assented to the arrangement by which such protection was accomplished, the agreement between them is controlling, and any departure from it must be governed by the rules of law which may be invoked under the circumstances. She had a perfect right to say: “ I will give you a note for $150, but it is upon the express understanding that it shall be delivered to one of your creditors, whose claim grew out of the contract between you and me.” Of course, he might have declined to accept a note under the circumstances, and to have prosecuted his claim, if he had one, against her. But having submitted to the condition imposed, it is binding upon him and upon his creditor who accepted a note thus restricted and diverted only as collateral and in settlement of an antecedent debt.
For these reasons the judgment should be affirmed with costs.
Daniels and Davis, JJ., concur.