Haight, J.
This action was brought to recover the amount of a promissory note made by the defendant on the tenth day of August, 1883, and delivered to J. C. & J. F. Schad, payable in three months after date. On or about the fifteenth day of Angust, 1883, the plaintiff endorsed a promissory note for one thousand dollars for the accommodation of J. 0. & J. F. Schad upon their turning out to him as collateral security the promissory note in suit with others. That such endorsement was made pursuant to a written agreement that day made between John F. & James 0. Schad as comprising the firm of J. 0. & J. F. Schad, in which it was agreed that the plaintiff should hold the notes so turned out to him, including the note in suit, as indemnity against all liability, losses, costs and expenses he had or may hereafter incur or pay upon and by reason of the endorsement upon the one thousand dollar note of any and all renewals thereof or of any part thereof.
The firm of J. 0. & J. F. Schad had in fact dissolved prior to the executing of this agreement and John F. Schad had taken the property and business of the firm and had assumed and agreed to pay the debts. This fact was however, not known to the plaintiff until after the making of the aforesaid agreement and the endorsing of the $1,000 note for their benefit and accommodation. Subsequently, and before the note matured, John F. Schad died and Charles H. Schad *668 was appointed his administrator. When the note matured and became due he procured the plaintiff to endorse another note for $800, which was also endorsed by the defendant, Uriel, with which he agreed to renew and take up the $1,000 note, paying the balance thereof in cash. That upon receiving such $800 note, Charles H. Schad took the same to the National Exchange Bank of Lockport where the $1,000 note was held, procured the $800 dollar note be discounted and passed to his credit as administrator and then drew upon his account as such, a check with which the $1,000 note was paid and surrendered. When the $800 note became due the plaintiff at the request of Charles H. Schad the administrator, again endorsed another note for $800 on the promise of Charles H. Schad that he would use it to renew the $800 note then due. This note was used in like manner as the other-to pay and take up the $800 note at the bank. This note-was at maturity paid in like manner by the plaintiff;. Charles H. Schad and the plaintiff thereafter from time to time continued to endorse notes of like-amount for Schad, he paying the preceding notes so endorsed in the same manner, except two notes of $800 each, one maturing August 28, 1884, and the other February 13, 1886, which were both paid by and delivered up to the plaintiff.
The note in suit was an accommodation note, but this fact was not known to the plaintiff. J. C. & J. F. Schad having executed the agreement with the plaintiff as co-partners,, after their dissolution in fact, but before it was known to the plaintiff, doubtless leaves them in the same position as if the dissolution of the firm had in fact taken place after the agreement. We thus have the firm dissolved and John F. Schad taking the firm property and assuming and agreeing to pay the debts of the firm.
It is contended that the plaintiff had no right to allow any part of the one thousand dollar note to be renewed by endorsing the eight hundred dollar note, and thus relieving J. C. Schad, one of the members of the firm. But it appears, that the defendant also endorsed this note prior ¿o the plaintiff, and knowing the facts and the use that was to be made of it, he must thus be deemed to have assented to this arrangement; but if this were not so, James C. was an endorser upon the note in suit; the note was duly protested when it matured and became due, and he was charged as such endorser, so that his liability still continues, and to the same extent that the defendant’s does. It is further contended that the transactions between the plaintiff and Charles H. Schad operated as a payment of the thousand dollar note, and not as a renewal of it; that a renewal of it extended the time for payment, and that the defendant, being a surety merely was released; but upon referring to-the evidence, we find that on each occasion when Schad procured the plaintiff to endorse another note for eight hundred dollars, it was with the agreement and understanding: *669 that it was to be used to renew the former note. This being the arrangement as between Schad and the plaintiff, it does not appear to us to be material as to the manner in which Schad procured the former note to be taken up. It is unquestioned that the money derived upon the discount of these notes was in each case used to take up the former note.
But it does not appear to us to be necessary to determine whether the thousand dollar note was in fact renewed or paid for if it was in fact paid for; eight hundred dollars of it was paid out of the money procured upon the discount of the plaintiff’s note, which he subsequently paid, and by referring to the agreement we find that it fully covers and protects him in the liability thus incurred and paid. The plaintiff is not seeking to recover of the defendant by reason of any liability of his upon the thousand dollar note, or either of the eight hundred dollar notes, that were subsequently given in renewal. He is only seeking to recover of him upon his note to the Schads, which was turned out to the plaintiff as collateral security, and which he took in good faith, relying upon the promise of the defendant as embraced in his note. Ho restrictions appear as to the manner in which the Schads were to use this note, and the rule is that where a promissory note is- made for the accommodation of the payee, but without restriction as to its use, an endorsee taking it in good faith as collateral security for even an antecedent debt of the payee and endorser, occupies the position of a holder for value and can recover thereon against the maker. The Grocer’s Bank v. Penfield, 69 N. Y., 502; Tinsdale v. Murray, 9 Daly, 446.
We are consequently of the opinion that judgment should be ordered for the plaintiff upon the verdict.
Smith, P. J., ana Bradley, J., concur.