(30 Misc. Rep. 419.)

VAN LEEUWEN v. FISH.

(Supreme Court, Appellate Term. February 8, 1900.)

1. SALES—CONSIGNMENT—MORTGAGEE—ANTECEDENT DEBT.
    Where goods are delivered to one, to be sold for the vendor on commission, the proceeds to be accounted for monthly, title remains in the vendor, as against a mortgagee who takes possession of the goods under a mortgage for an antecedent debt.

2. APPEAL—REVIEW.
    An appeal to the supreme court from an order of the general term of the New York city court granting a new trial in a case tried to a jury will not be entertained, in the absence of a valid exception taken at the trial, where a material and controverted question of fact is involved, and the general term may have granted a new trial upon such question of fact.

Appeal from city court of New York, general term.

Action by Benjamin Van Leeuwen against John Fish to recover the possession of certain personal property. From an order of the general

term (59 N. Y. Supp. 183) reversing a judgment in favor of plaintiff, plaintiff appeals.   Dismissed.

Argued before FREEDMAN, P. J., and MacLEAN and LEVEN-TRITT, JJ.

Wasserman & Jacobus, for appellant.
August P. Wagener, for respondent.

MacLEAN, J.   It appeared in evidence that the plaintiff, under date of November 3 and December 8, 1893, delivered to one Beyer, a retail liquor dealer, a quantity of cigars, to be sold for the plaintiff upon commission,—to be accounted for monthly.   Thereafter the defendant took possession of the stock, upon the latter's premises, under sale in mortgage foreclosure, and now claims ownership of goods in controversy by bill of sale executed by Beyer, and dated December 15, 1893.   There was sufficient evidence, however, to warrant the jury in finding, as they did, ownership and right to possession in the plaintiff, despite his act in clothing Beyer with actual and apparent power to sell, because the defendant, though innocent, was not a purchaser for value, surrendering nothing beyond an antecedent debt, insufficient in law.   Barnard v. Campbell, 58 N. Y. 73.   But under the circumstances of this case, and the decision of Tinsdale v. Murray, 9 Daly, 446, we cannot entertain this appeal.

Appeal dismissed, with costs.   All concur.